UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES MORRIS,

    Plaintiff,

    v.                                                          CIV. NO. 08-912 JH/ACT

UNITED STATES OF AMERICA,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike Defendant USA Treating Expert Witnesses filed October 21, 2009 [Doc. 29]. The United States responded on November 6, 2009 [Doc. 35] and Plaintiff filed a reply on November 19, 2009 [Doc. 39]. Plaintiff is seeking to strike Plaintiff's treating experts, Dr. James M. Goff, Jr., Dr. Corey Tancik, and Dr. Brian M. Pilgrim. Plaintiff is also seeking to strike Plaintiff's non-treating expert, Dr. Karen Chi-Lynn Chen.

When treating physicians are identified as expert witnesses within the deadline established by the court they may be qualified to state opinions based on their education, background, training and experience. Fed. R. Evid. 702. However, they may be exempted from having to provide a written report pursuant to Fed.R.Civ. P. 26(a)(2)(B). Rule 26 requires that parties provide a written report containing certain information "if the witness is one retained or specifically employed to provide expert testimony...." Fed.R.Civ.P. 26(a)(2)(B). Pursuant to Fed.R.Civ.P. 26(a)(2)(B) the written report is required "unless otherwise stipulated or ordered by the court...." The Advisory

Committee Notes under paragraph (2) in the 1993 Amendments of Fed.R.Civ.P. 26(a)(2) state:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of the party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

In addition, Local Rule 26 specifically states that "[t]reating physicians need not prepare an expert report as required by Fed.R.Civ.P. 26(a)(2)(B)." Thus, the Court will not strike Defendant's treating physician experts.

The issue then becomes the nature of the testimony that will be allowed by treating physicians experts.

> The relevant question is whether these physicians acquired their opinions as to the cause of the plaintiff's injuries directly through their treatment of the Plaintiff....If so, then they must be treated as treating physicians, who can be deposed under the amendments to Rule 26 but who cannot be forced to file the written report required by Rule 26(a)(2)(B).

*Salas*, 165 F.R.D. at 33. Since Drs. Goff, Tancik and Pilgrim were disclosed as treating physician "experts" within the deadline for the disclosure of expert witnesses they will be allowed to testify as to matters typically testified to by treating physicians. "[A]s a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis but also the cause of plaintiff's injuries." *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995).

The Court would note that had Drs. Goff, Tancik and Pilgrim not been designated as treating physician "experts" within the deadline for the disclosure of expert witnesses their testimony would have been limited to that of a lay witness under Fed.R.Evid. 701 "....[U]nder Federal Rule of Evidence 701, a lay witness may testify only as to opinions '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding...of a fact in issue'; a lay witness may not proffer opinion testimony 'based on scientific, technical or specialized knowledge.' Fed.R.Evid.

701"; *Blodgett v. United States,* 2008 WL 1944011 (D. Utah 2008)*; see also Davoll v. Webb*, 194 F.3d 1116 (10th Cir. 1999); *Witherspoon v. Navajo Refining Co., L.P.,* CIV 03-1160 BB/LAM, 2005 WL 5988650 (D.N.M. June 28, 2005).

There does not appear to be any dispute that Drs. Goff, Tancik and Pilgrim were disclosed as treating physician "experts" within the deadline for the disclosure of experts by Defendant and within the discovery deadline. Doc. 23. There is nothing in the record to indicate that Plaintiff could not have deposed Drs. Goff, Tancik and Pilgrim had he chosen to do so. The court would also note that Plaintiff has listed Dr. Goff and Dr. Pilgrim as Plaintiff's witnesses and has reserved the right to call any witnesses identified by the Defendant in the Pre-Trial Order [Doc. 57]. Since Dr. Goff and Dr. Pilgram, as well as Dr. Tancik, are treating physicians Plaintiff and his counsel are free to consult with these doctors privately to discuss their anticipated testimony. Under the circumstances, Drs. Goff, Tancik and Pilgrim will be allowed to testify regarding their examination, diagnosis, treatment, and prognosis regarding Plaintiff's injuries, as well as, their opinion regarding the cause of Plaintiff's injuries to the extent it can be determined based on their own evaluation and testing.

Dr. Chen is not a treating expert but rather a expert retained to provide expert testimony. Defendant has provided a written report; however, Plaintiff asserts that Dr. Chen's report was incomplete. The Court will order the Defendant to supplement Dr. Chen's report. The supplemental report must give the reason(s) for Dr. Chen's disagreement with various reports from the radiologist referenced in her report, the basis for her opinion as to the location of the hardware and washer which was left behind after the first surgery and provide a list of cases in which she has testified in the last four (4) years.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant USA Treating

Expert Witnesses is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff's request to strike Drs. James. M. Goff, Corey Allen Tancik and Brian Pilgrim is denied.

**IT IS FINALLY ORDERED** that Defendant must supplement Dr. Karen Chi-Lynn Chen's report to include her reason(s) for her disagreement with the various reports from the radiologist referenced in her report, the basis for her opinion as to the location of the hardware and washer which was left behind after the first surgery and provide a list of cases in which she has testified in the last four (4) years within twenty (20) days of entry of this Order**.**

                                                                                                 **ALAN C. TORGERSON**
                                                                                                 **UNITED STATES MAGISTRATE JUDGE**